**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Haydee Morales, | No. CV-16-01928-PHX-MHB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Haydee Morales seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.    Background.**

On March 1, 2012, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2011. On September 24, 2014, she appeared with her attorney and testified at a hearing before the ALJ. A vocational expert also testified. On January 26, 2015, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

## II. Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

[The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step

three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017, and that she has not engaged in substantial gainful activity since May 1, 2012. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, bilateral carpal tunnel syndrome, diabetes, obstructive sleep apnea, lumbar spondylosis, right shoulder tendonitis and restrictive airway disease. The ALJ found, as nonsevere impairments, Plaintiff's reported hearing loss, headaches, anxiety, bipolar disorder and obsessive-compulsive disorder. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> Light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes or scaffolds. She can frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs. She can frequently reach overhead with her dominant right upper extremity, and frequently handle and finger, bilaterally. She must avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation.

The ALJ further found that Plaintiff is able to perform any of her past relevant work.

///

///

## IV. Analysis.

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ erred by finding that Plaintiff did not suffer from any severe mental impairments, which was necessarily founded on rejection of assessments from Plaintiff's treating psychiatrist, James Hicks, M.D., and the agency's examining psychologist, Ronn Lavit, Ph.D., because the vocational expert concluded that the limitations Dr. Hicks assessed would make it impossible to perform any sustained work, and (2) the ALJ erred by rejecting Plaintiff's symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record as a whole. The Court will address each argument below.

### A. Weighing of Medical Source Evidence.

Plaintiff argues that the ALJ improperly weighed the medical opinions of the following medical sources: Plaintiff's treating physician James Hicks, M.D., and the agency's examining psychologist Ron Lavit, Ph.D. The Court will address the ALJ's treatment of each opinion below.

#### 1. Legal Standard

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for

specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

Historically, the courts have recognized the following as specific, legitimate reasons for disregarding a treating or examining physician's opinion: conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain; and medical opinions that are brief, conclusory, and inadequately supported by medical evidence. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Flaten v. Secretary of Health and Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

### 2. Dr. James Hicks, M.D., Dr. Ron Lavit, Ph.D.

In her consideration of the objective medical evidence, the record contained conflicting opinions from medical providers regarding the severity of Plaintiff's mental health limitations. Generally, a treating physician's assessment is given more weight, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). Treating physician Dr. Hicks and examining psychologist Dr. Lavit's medical opinions

were contradicted by the agency consultants, Dr. Winston Brown, M.D., and Dr. SKT, Ph.D. The agency consultants opined that Plaintiff's mental impairments were not severe and did not significantly limit her ability to perform basic work activities. The ALJ could therefore discount the treating and examining doctors' opinions for specific and legitimate reasons supported by substantial evidence. *Lester*, 81 F.3d at 830-31.

The ALJ discounted Dr. Hicks' opinion, reasoning that the doctor's treatment notes do not support his opinion that Plaintiff "needs social security disability, [and] [c]an't work any kind of job." The ALJ reasoned that Dr. Hicks' "mental status examinations [] were unremarkable," and reported that Plaintiff's symptoms were "situational" as they related to issues with her ex-husband, and that Plaintiff had "much improved in March 2013." Also, Dr. Hicks' "mental status exam findings" were normal. The ALJ noted that Dr. Hicks' records "consistently shows the claimant is cooperative, with goal oriented thought process, congruent mood, normal speech and motor activity with intact judgment and insight." The ALJ therefore afforded little weight to Dr. Hicks' opinion that Plaintiff "has slight to marked limitation in her activities, would be off tasks more than 30% of the day, would be less than 50% efficient than other workers and would miss or be unable to complete an 8-hour workday 5 or more days a month."

The ALJ afforded partial weight to the opinion of examining psychologist Dr. Lavit. Dr. Lavit performed a psychological evaluation of Plaintiff in August 2012, at the request of the State agency. Dr. Lavit opined that Plaintiff "had no limitation in understanding and memory, social interaction or adaptation, but opined that [Plaintiff] 'may' have limitation in sustained concentration, persistence and pace." The ALJ found that Dr. Lavit's use of the work "may" was vague and nondescript, and appeared to be "based on the [Plaintiff]'s subjective complaints.

The ALJ gave significant weight to the State agency-reviewing physicians who opined that the Plaintiff's mental impairments were non-severe, as their opinions were "consistent with the greater objective medical evidence of record and the [Plaintiff]'s reported activities of daily activities."

The ALJ noted that, in considering Paragraph B criteria, that Plaintiff's daily living activities reflect mild limitations - Plaintiff watches television and spends time with her family, helps care for her two nieces and her mother, prepares meals, does laundry and light housework, drives independently and uses a computer. In the area of social functioning, the ALJ found mild limitations, as Plaintiff spends time with family and visits with friends in person and on the phone, goes to the grocery store weekly, and attends church every Sunday. The ALJ also indicated that the medical records showed that Plaintiff interacted appropriately. In the area of concentration, persistence or pace, the ALJ also found mild limitations. In support, the ALJ noted that Plaintiff scored 28/30 on the mini-mental status exam during the consultative examination with Dr. Lavit, and that Plaintiff understood his questions and was able to provide the doctor with a long list of medications. Plaintiff reported that she was able to handle her finances, except when she had a headache, and was self-employed in 2012. As to the functional area of decompensation, the ALJ found no limitations as Plaintiff experienced no episodes of decompensation of extended duration.

The ALJ's finding that Plaintiff's medically determinable mental impairments are non-severe, was supported by substantial evidence, and the ALJ did not err in assigning little weight to Dr. Hicks' opinion, and partial weight to Dr. Lavit's opinion. The ALJ provided specific and legitimate reasons for doing so. An ALJ may properly reject the opinion of a treating physician "'if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). An "ALJ may [also] 'permissibly reject [] ... check-off reports that [do] not contain any explanation of the bases of their conclusions.'" Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Dr. Lavit's opinion that Plaintiff "may have" limitations was vague, and Dr. Hicks' opinion that Plaintiff needs social security and cannot work any type of job was not supported by his own treatment notes, not supported by Plaintiff's treatment history, and was contradicted by the Plaintiff's own report of daily living activities. The

ALJ's assignment of greater weight to the opinions of the two agency reviewing physicians was reasonable, given that they had reviewed all of the medical records, and their opinions were consistent with the greater objective medical evidence of record and the Plaintiff's reported daily living activities.

The ALJ also did not err in finding that Plaintiff's mental health impairments are mild and that Plaintiff is capable of performing a range of light work. The ALJ gave great weight to the State agency reviewing physicians, who both opined that Plaintiff is capable of performing light work, for the reasons noted above. The ALJ gave partial weight with examining physician Dr. Jones, who also opined that Plaintiff is capable of performing a range of light work, although the ALJ noted that the doctor provided environmental limitations, which the doctor did not assess.

In support of her findings, the ALJ also noted that the record revealed that Plaintiff's alleged disabling impairments were present at approximately the same level of severity prior to the alleged onset date, and yet Plaintiff performed seasonal tax preparation work and attended school, studying accounting. The ALJ also considered the above-noted daily living activities as reported by Plaintiff.

The ALJ concluded that, although Plaintiff's impairments could reasonably be expected to cause her reported symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects are not entirely consistent and credible. The ALJ acknowledged that Plaintiff has some limitations, but found that her limitations are properly accounted for in the residual functional capacity assessment and not significant enough to preclude all employment.

The Court finds that the ALJ did not err in finding Plaintiff's mental impairments non-severe, or that they are mild and do not impair Plaintiff's capability of performing a range of light work.

**B.     The ALJ Did Not Err in Evaluating Plaintiff's Credibility.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine

whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Here, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. In other words, the ALJ found Plaintiff's statements not credible to the extent she claims she is unable to perform a light range of work.

The ALJ gave the following reasons for finding Plaintiff's testimony not fully credible. The treatment of Plaintiff's subjective complaints has been essentially routine and conservative in nature and not supportive of additional restriction in the residual functional capacity, and despite Plaintiff's allegation of severe pain and limitations, she reported to her doctor that she was happy and satisfied with the control of her symptom. The ALJ found that Plaintiff's daily living activities were not consistent with the level of limitations she alleges, and that Plaintiff's reported limitations are also not consistent with the objective medical evidence. Although Plaintiff testified that she does not leave her house without her prescribed cane, the records of her treating physicians do not support her use of any assistive device. Imaging of her back and hip showed mild degenerative changes, were inconsistent with Plaintiff's reported need for a cane and difficulty walking. Her range of motion was reported as normal.

Physical therapy improved her physical symptoms, and cortisone injections significantly relieved her symptoms. Regarding Plaintiff's shoulder pain and mild bilateral carpal tunnel syndrome, although Plaintiff reported shoulder pain and weakness in her hand, a July 2014 physical examination found adequate range of motion and strength, and intact sensation. Plaintiff's treating providers did not recommend surgical intervention. Furthermore, in April 2014, Plaintiff relayed overall improvement, and

stated that the medication alleviated her symptoms and did not cause side effects. The ALJ also referred to many instances in the medical record demonstrating benign or mild physical examination findings, improvement in conditions, and successful treatment.

The ALJ also noted that Plaintiff reported being self-employed as a tax preparer and attended school, majoring in accounting, while reportedly suffering from the alleged impairments, and that Plaintiff performs household chores, uses a computer and drives.

The ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's assertions regarding the intensity, persistence, and limiting effects of her symptoms. The ALJ identified specifically how Plaintiff's assertions are undermined in the medical records and in Plaintiff's report of daily living activities. The ALJ also noted Plaintiff's self-employment and school attendance while suffering from the reported impairments further undermines Plaintiff's assertions. The Court finds no error.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 29th day of September, 2017.

_____

Honorable Michelle H. Burns
United States Magistrate Judge